**UNITED STATES of America for Use and Benefit of INTERNATIONAL ENVIRONMENTAL CORPORATION**

v.

**P.W. PARKER, INC. and United States Fidelity and Guaranty Company, etc.**

Civ. A. No. N–83–299.

United States District Court,
D. Maryland.

May 1, 1984.

**454**

Robert Joel Zakroff, Washington, D.C., and Gary I. Silverman, Bethesda, Md., for plaintiffs.

Tarrant H. Lomax, and Gregory J. Miner, Washington, D.C., for defendant Parker.

Howard G. Goldberg, Baltimore, Md., for defendant U.S. Fidelity & Guaranty Co.

Robert J. Mathias, Asst. U.S. Atty., Baltimore, Md., for third party defendant U.S. Postal Service.

## MEMORANDUM

NORTHROP, Senior District Judge.

The United States of America has moved, pursuant to FED.R.CIV.P. 12(b)(1), to dismiss the third-party complaint of defendant P.W. Parker, Inc. ("Parker") against the United States Postal Service (USPS). The USPS asserts that the Court lacks subject matter jurisdiction. Upon consideration of all submissions, and remarks of counsel made during the pretrial conference, I hereby grant the instant motion to dismiss.

This dispute involves a construction contract for the renovation of a Postal Service building entered into between Parker and the USPS. Section 3(a) of the general provisions of the contract expressly provide that any claims relating to the contract be resolved in accordance with the Contract Disputes Act of 1978 (41 U.S.C. § 601, et seq.)

In the main action, plaintiff has sued Parker in contract for failure to tender full payment for exposed ceiling fan coil units delivered, plaintiff alleges, in conformance with specifications. Parker contends that the units were defective.

In its third-party complaint, Parker asserts three claims against the USPS. First, Parker contends that the government breached the contract by providing defective and deficient specifications for the fan coils and other equipment necessary to the renovation work. Second, Parker claims the USPS breached the contract by requiring Parker to perform additional work outside the scope of the contract, resulting in delay and extra expenditures. Third, Parker asserts a claim sounding in tort, for intentional breach of contract and bad faith. Essentially, this third count alleges that the USPS denied Parker meaningful and timely administrative remedies and Parker was damaged thereby.

As Counts One and Two sound in contract, they are governed by the Contract Disputes Act as expressly provided in the parties' agreement. The Act provides two methods of review: a contractor may appeal a contracting officer's decision to the agency's Board of Contract Appeals, or relief from the decision may be sought in the United States Claims Court. 41 U.S.C. §§ 606, 609; *Paragon Energy Corp. v. United States*, 645 F.2d 966, 970, 227 Ct.Cl. 176 (1981). Parker instituted suit against the USPS in December 1983 in the U.S. Claims Court, raising the same complaints made in this Court. That suit has been stayed pending the outcome of the instant litigation.

I hold that the appropriate forum for the adjudication of Counts One and Two is the United States Claims Court. *See Consumers Solar Electric Power Corp. v. United States Postal Service*, 530 F.Supp. 702 (C.D.CA.1982) (U.S. Claims Court is appropriate forum for breach of contract actions governed by Contract Disputes Act). I will therefore dismiss without prejudice Counts One and Two. As indicated by the government at the pretrial conference, the USPS will now withdraw their motion in the Claims Court for a stay and shall pursue this litigation in that tribunal.

Similarly, I will dismiss without prejudice Parker's Count Three, but for different reasons. To the extent Count Three sounds in tort, as contends Parker, it

is patently subject to the exhaustion requirements of the Federal Tort Claims Act. 28 U.S.C. § 2695(a). Parker must comply with those requirements before seeking redress in this Court. To the extent Count Three is an action for breach of contract, primary jurisdiction is in the Claims Court.

Further, as Count Three involves a claim for wrongful administrative denial of the contract claims presented, it seeks an equitable adjustment, and is thus not the typical indemnity situation contemplated by the usual third party practice pursuant to FED. R.CIV.P. 14(a).

Lastly, I find the primary claim asserted by plaintiff against Parker, and Parker's claim under Count Three against the USPS, involve significantly different evidentiary matters. To allow USPS to remain in this lawsuit would unduly complicate the original suit, rather than preserve judicial resources. *See e.g., Johns Hopkins University v. Hutton*, 40 F.R.D. 338, 346–48 (D.Md.1966).

Accordingly, Parker's third party complaint is hereby dismissed, without prejudice, in its entirety. A separate Order will be entered confirming the within rulings.